UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-175-GWU

LINDA G. SELLERS,                                                              PLAINTIFF,

VS:                               MEMORANDUM OPINION

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,[1]              DEFENDANT,

## INTRODUCTION

Linda Sellers brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income (SSI). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes,

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he will be substituted for Jo Anne B. Barnhart as the defendant in this action.

1

proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work?  If yes, the claimant is not disabled.  If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.  Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id.  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's

2

opinion is based on objective medical findings.  Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. 404.1521, 416.921.  The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).  The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a  prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir.  1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir.

1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. <u>Damron v. Secretary</u>, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. <u>Wages v. Secretary of Health and Human Services</u>, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary."  20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments."  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Sellers, a 51 year-old former assembler and maid with a 7th grade education, suffered from impairments related to coronary artery disease and discogenic and degenerative disorders of the back.  (Tr. 19, 22).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 26).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 26).  The ALJ based this decision, in large part, on the testimony of a vocational expert.  (Tr. 25).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert James Flynn included an exertional restriction to light level work restricted from a full range by an inability to more than occasionally climb. (Tr. 67). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 67-68). The ALJ later presented another hypothetical question including an exertional restriction to light level work along with such non-exertional limitations as (1) an inability to ever climb, stoop or bend; (2) the need for a sit/stand option every hour; (3) the need to avoid exposure to temperature extremes; and (4) a need to avoid exposure to dust, fumes, smoke, and noxious gas. (Tr. 68). While the available job base would be reduced from that of the prior question, a significant number would remain available. (Tr. 69). Therefore, assuming that the vocational factors considered by Flynn fairly depicted Sellers' condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of hypothetical question, the undersigned finds no error. The physical restrictions considered by Flynn were consistent with the functional limitations indicated by Dr. Parandhamulu Saranga (Tr. 361-369) and Dr. David Swan (Tr. 370-378), the non-examining medical reviewers. No treating or examining source of record, during the time period pertinent to this appeal, reported the existence of more severe physical limitations including the staff at Lake Cumberland Regional Hospital (Tr. 182-210, 215-360, 401-593, 612-659), Dr. Edward Grimbal (Tr. 211-214), and Dr. Howard Lynd (Tr. 660-668). These reports provide substantial evidence to support the administrative decision.

Sellers asserts that the ALJ erred in failing to find that she was restricted

to sedentary level work.[2] The plaintiff notes that Dr. Robert Taylor imposed a number of physical limitations in November of 2001 which would restrict her to a limited range of sedentary level work.[3] (Tr. 118). The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date. Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1233 (6th Cir. 1993). This opinion was issued well before the claimant's SSI application filing date of January 30, 2004 and, so, would not be pertinent to the relevant time period. (Tr. 89-93). The only medical professionals to address the issue of Sellers' work restrictions during the relevant time frame were the medical reviewers, each of whom opined that she could perform light level work. Therefore, the ALJ dealt properly with the evidence of record relating to the plaintiff's physical condition.

The ALJ properly concluded that Sellers did not suffer from a "severe" mental impairment. The plaintiff was seen at the Mountainview Behavioral and Neuroscience Center from January through June of 2005 where she was diagnosed as suffering from post-traumatic stress disorder. (Tr. 592-602). However, no specific mental restrictions were identified. The mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). The claimant's treatment at Mountainview appeared to be primarily relating to her grief following the recent death of her son and, so, would not necessarily impose long-term

---

[2] If Sellers were restricted to sedentary level work, Rule 201.09 of the Medical-Vocational Guidelines would mandate a finding of "disabled" for one of her age, level of education, and work experience.

[3] Both parties refer to this physician as Dr. Lester. However, while Dr. Lester's name was on the heading, the report was clearly signed by Dr. Taylor, who apparently was one of Dr. Lester's colleagues.

restrictions. Under these circumstances, the undersigned finds no error.

Sellers asserts that the ALJ erred by failing to adequately consider the combination of her impairments. However, the undersigned has already determined that the hypothetical question fairly characterized the plaintiff's condition. Therefore, the ALJ implicitly considered the claimant's impairments in proper combination.

Sellers argues that the ALJ did not properly evaluate her subjective pain complaints. Pain complaints are to be evaluated under the standards announced in <u>Duncan v. Secretary of Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Sellers was found to be suffering from a potentially painful condition. However, even if she could be found to have satisfied the first prong of the so-called <u>Duncan</u> test, the claimant does not meet either of the alternative second prongs. A series of electrocardiograms were repeatedly unremarkable. (Tr. 186, 260, 270, 402, 634). An echocardiograph was normal. (Tr. 256-257). Cardiac enzyme testing produced negative results. (Tr. 186). An MRI Scan of the lumbar spine revealed disc space narrowing and facet arthropathy but no herniated disc. (Tr. 252). An x-ray of the lumbar spine revealed only degenerative disc disease at L5-S1. (Tr. 286). An x-ray of the cervical spine was normal. (Tr. 289). Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling

pain.  Therefore, the ALJ would appear to have properly evaluated Sellers' pain complaints.

The Court notes that Sellers submitted several additional medical records directly to the Appeals Council which were never seen by the ALJ.  (Tr. 673-709).  This action raises an issue concerning a remand for the taking of new evidence before the Commissioner.  <u>Cotton v. Sullivan</u>, 2 F.3d 692 (6th Cir. 1993).  A court may order additional evidence be taken before the Commissioner, "...but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..."   42 U.S.C. Section 405(g).  The statute provides that a claimant must prove that the additional evidence is both "material" and that "good cause" existed for its not having been submitted at an earlier proceeding.  <u>Sizemore v. Secretary of Health and Human Services</u>, 865 F.2d 709, 710 (6th Cir. 1988).  In the present action, the plaintiff has not met her burden of proof by adducing arguments as to why a remand of the action is required.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 16th day of February, 2007.



**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**